IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL PALMER,

        Plaintiff,

v.                             CIVIL ACTION NO. 2:22-cv-00347

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment filed by Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR") and Richard Blake ("Blake") (collectively "Defendants"). (ECF No. 6.) For the reasons discussed more fully below, Defendants' motion is **DENIED**.

*I.    BACKGROUND*

This action arises from an altercation that occurred between Plaintiff and another inmate, Charles Murphy ("Murphy"), while he was incarcerated at Mount Olive Correctional Complex and Jail ("MOCC"). According to the Amended Complaint, correctional officers, Defendant Blake and Defendant C.O. Marshall Clere ("Clere"), were present when Plaintiff was attacked by Murphy but failed to intervene until Plaintiff had been beaten unconscious. (*See* ECF No. 21 at 1–2.) Plaintiff claims he was seriously injured as a result. (*See id.*)

1

Plaintiff initiated this lawsuit in the Circuit Court of Kanawha County on April 22, 2022. (ECF No. 1-1 at 3.) Defendants removed this matter to federal court on August 19, 2022. (ECF No. 1.) The Amended Complaint asserts three causes of action.[1] Count One is a claim brought under 42 U.S.C. § 1983 for an alleged violation of the Eighth Amendment, asserted against Defendants Blake and Clere for failing to intervene during the altercation between Plaintiff and Murphy. (*See* ECF No. 21 at 3 (claiming that "Defendants Blake and Clere were . . . acting under the color of state law" and "acted with deliberate indifference when they witnessed and allowed plaintiff to be beaten into unconsciousness without intervening").) Count Two is a state-law claim for "Outrageous Conduct," asserted against all defendants for either failing to intervene or failing to prevent Plaintiff from being exposed to such danger. (*See id.* at 4.) Count Three is a claim against the WVDCR for vicarious liability for conduct of Defendants Blake and Clere. (*See id.* at 4–5.)

On August 23, 2022, the Court entered an Order and Notice, (ECF No. 3), which identified September 26, 2022, as the last day for the Rule 26(f) meeting—*i.e.*, the conference in which the parties set out a clear plan for the discovery process. The Order and Notice also established that a Scheduling Order, which would set deadlines for discovery, would be entered by October 17, 2022. (*Id.*) On October 7, 2022, that Scheduling Order was entered, establishing that the last day to serve discovery requests is July 7, 2023, and that discovery is to close on August 11, 2023. (ECF No. 16.)

---

[1] The Amended Complaint, (ECF No. 21), was filed after the pending motion for summary judgment, (ECF No. 6), and corresponding briefs were filed. However, the allegations in the Amended Complaint do not materially change the claims in the original complaint, except that Defendant "CO Doe" in the original complaint, (*see* ECF No. 1-1 at 1, ¶ 3), is identified as Defendant Clere in the Amended Complaint, (*see* ECF No. 21 at 1, ¶ 3). Thus, the Court will rule on the pending motion for summary judgment based on the existing motions and memoranda filed by the parties.

2

Before the Rule 26(f) meeting was held, (*see* ECF No. 11), or the Scheduling Order was entered, (*see* ECF No. 16), Defendants filed the pending Motion for Summary Judgment on September 16, 2022, (ECF No. 6). Plaintiff filed a timely response, (ECF No. 14), and Defendants filed a timely reply, (ECF No. 17). As such, this motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pr. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists where the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court may neither weigh the evidence, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), nor make determinations of credibility, *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "The nonmoving party must satisfy this burden of proof by offering more than a mere 'scintilla of evidence' in support of his or her position." *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (citing *Anderson*, 477 U.S. at 252). However, "summary judgment is appropriate only after the opposing party has had 'adequate time for discovery.'" *Lonestar Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 928 (4th Cir. 1995). Deciding a case summarily "before discovery is concluded" and on an incomplete record, "there has been a mistake and inadvertence and one that works an injustice." *White v. Investors Management Corp.*, 888 F.2d 1036, 1041 (4th Cir. 1989).

### III. DISCUSSION

In the pending motion, Defendants seek summary judgment in their favor on all claims asserted against them. (*See* ECF No. 6.) According to Defendants, because the correctional officers responded appropriately, there are no genuine issues of material fact as to (1) whether Plaintiff's Eight Amendment rights were violated under Count One, or (2) whether any defendants' conduct was extreme and outrageous under Count Two. (*See* ECF No. 7 at 4–10.) Further, Defendants reason that, because these claims fail, summary judgment must be granted for the WVDCR on Plaintiff's claim for vicarious liability. (*Id.* at 10.)

Plaintiff counters that Defendants' motion should be denied as premature because discovery has not been conducted. (*See* ECF No. 14 at 2.) In support of this contention, Plaintiff requests additional discovery through a Rule 56(d) Affidavit. (*See* ECF No. 14-1.)

This Court has recently explained the purpose of the summary judgment burdens:

> The burdens applied to parties bringing and contesting motions for summary judgment are carefully crafted to balance the competing interests of affording litigants all opportunities to be heard on their claims and to promote judicial economy. The moving party's burden is to demonstrate that there is no dispute as to a material fact and that he is entitled to judgment as a matter of law. This standard aims to prevent the undue deprivation of the nonmoving party's right to test factual disputes at trial. However, this standard is manifestly unfair to the party resisting summary judgment if it has not had an adequate opportunity to explore the moving party's factual allegations through discovery.

*Nighbert Land Co. v. CONSOL of Kentucky, LLC*, No. 2:19-CV-00435, 2020 WL 3036010, at *3 (S.D.W. Va. June 5, 2020) (internal citations omitted); *see also McCray v. Maryland Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) ("Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask.").

Thus, "[a] motion for summary judgment is premature when filed before the parties have had adequate time for discovery." *Nighbert Land Co.*, 2020 WL 3036010, at *3. What the Court considers adequate time for discovery is embodied in its scheduling orders. *See Miller v. Dell Financial Servs., L.L.C.*, Civ. Action No. 5:08-cv-01184, 2009 WL 1362485 at *2 (S.D. W. Va. May 13, 2009).

In this case, the parties have not had adequate time for discovery. In fact, Defendants filed the pending motion even before the parties held their Rule 26(b) meeting and before the Court entered a Scheduling Order. Nevertheless, Defendants claim that the facts are undisputed because the altercation was captured on video, (ECF No. 7 at 4), and criticize Plaintiff's Rule 56(d)

5

Affidavit for failing to address this argument, (ECF No. 17 at 2).  Defendants also complain that Plaintiff's Rule 56(d) Affidavit is "very broad and vague and never specifies exactly what issues require discovery," and fails to show that the information sought would create a genuine issue of material fact.  (*See id.*)

Yet, contrary to Defendants' contention, Plaintiff's Rule 56(d) Affidavit does specify what issues require discovery.  The Affidavit identifies seven areas and issues that require discovery:

   a. Deposition of the defendants to address the affidavits attached to defendants' motion;
   b. Deposition of the defendants' expert/representative to address the affidavit attached to the motion;
   c. Deposition of the defendants' 30(b)6 designee to address policy and procedure training referenced in defendants' motion;
   d. Depositions to establish the defendant CO's duties and responsibilities as well as the applicable WVDOCR policy and procedures;
   e. Depositions of witnesses;
   f. Discovery on other issues that may arise after written discover is undertaken; and
   g. Written discovery in the form of Interrogatories, Requests for Production of Documents and Requests for Admissions.

(ECF No. 14-1 at 1–2.)

While some of these areas and issues are broad, others, such as "Deposition of the defendants' 30(b)6 designee to address policy and procedure training referenced in defendants' motion" and "Depositions to establish the defendant CO's duties and responsibilities as well as the applicable WVDOCR policy and procedures" are specific.  Of importance, Defendants rely upon many of these topics in their motion for summary judgment.  It follows, then, that if Defendants use this evidence in support of their motion for summary judgment, Plaintiff should have the opportunity to conduct discovery on such evidence.  Beyond that, while the video evidence may

6

provide a visual of the incident, it does not provide any insight into the state of mind of certain defendants, which is an element of both Counts One and Two.[2]

Additionally, as Defendants note, a request for further discovery is "'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." *Citizens Bank of Kentucky v. Oaks, LLC*, Civ. Action No. 2:17-cv-02364, 2018 WL 2306667 (S.D. W. Va. May 21, 2018) (quoting *McCray*, 741 F.3d at 484 (citations omitted). Further, a Rule 56(d) motion *must* be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *McCray*, 741 F.3d at 483–84 (quoting *Harrids Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). And, as already detailed, the parties have not engaged in discovery.

Accordingly, Defendants' Motion for Summary Judgment is premature.

### IV. CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment, (ECF No. 6), is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

---

[2] For Plaintiff's failure to protect claim under Count One, he must establish (1) that he suffered significant injury or was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) *that the prison official at issue had a "sufficiently culpable state of mind."* Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (emphasis added). For Plaintiff's outrageous conduct claim under Count Two, he must establish the following elements:

> (1) That defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) *That the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct*; (3) That the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) That the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Philyaw v. E. Associated Coal Corp.*, 633 S.E.2d 8, 13 (W. Va. 2006) (quoting syl. pt. 3, *Travis v. Alcon Labs.*, 504 S.E.2d 419, 425 (W. Va. 1998)) (emphasis added).

7

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      December 16, 2022

                _____
                THOMAS E. JOHNSTON, CHIEF JUDGE