IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL PALMER,

           Plaintiff,

v.                                      CIVIL ACTION NO.   2:22-cv-00347

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment filed by Defendants West Virginia Division of Correction and Rehabilitation ("WVDCR") and Richard Blake ("Blake") (collectively "Defendants"). (ECF. No 36). For the reasons discussed below, the Court **DENIES IN PART** and **GRANTS IN PART** the motion.

        *I.*       *BACKGROUND*

This action arises from an altercation that occurred between Plaintiff Michael Palmer ("Plaintiff") and another inmate while he was incarcerated at Mount Olive Correctional Complex and Jail ("MOCC"). According to the Amended Complaint, correctional officers Blake and Defendant Marshall Clere ("Clere"), were present when Plaintiff was attacked by Charles Murphy

1

("Murphy") but failed to intervene until Plaintiff had been beaten unconscious. (*See* ECF No. 21 at 1–2.) Plaintiff claims he was seriously injured as a result. (*See id.*)

Plaintiff initiated this lawsuit in the Circuit Court of Kanawha County on April 22, 2022. (ECF No. 1-1 at 3.) Defendants removed this matter to federal court on August 19, 2022. (ECF No. 1.) The Amended Complaint asserts three causes of action. Count One is a claim brought under 42 U.S.C. § 1983 for an alleged violation of the Eighth Amendment, asserted against Blake and Clere for failing to intervene during the altercation between Plaintiff and Murphy. (*See* ECF No. 21 at 3 (claiming that "Defendants Blake and Clere were . . . acting under the color of state law" and "acted with deliberate indifference when they witnessed and allowed plaintiff to be beaten into unconsciousness without intervening").) Count Two is a state-law claim for "Outrageous Conduct," asserted against all defendants for either failing to intervene or failing to prevent Plaintiff from being exposed to such danger. (*See id.* at 4.) Count Three is a claim against the WVDCR for vicarious liability for the conduct of Defendants Blake and Clere. (*See id.* at 4–5.)

Defendants filed the pending Motion for Summary Judgment on August 30, 2023. (ECF No. 36.) Plaintiff filed a timely response, (ECF No. 40), and Defendants filed a timely reply, (ECF No. 41). As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pr. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists where the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court may neither weigh the evidence, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), nor make determinations of credibility, *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "The nonmoving party must satisfy this burden of proof by offering more than a mere 'scintilla of evidence' in support of his or her position." *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (citing *Anderson*, 477 U.S. at 252). However, "summary judgment is appropriate only after the opposing party has had 'adequate time for discovery.'" *Lonestar Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 928 (4th Cir. 1995

3

### III.  DISCUSSION

In the pending motion, Defendants seek summary judgment in their favor on all claims against them.  (*See* ECF No. 37.)  As to Count One, Defendants argue that, as a matter of law, they are entitled to qualified immunity.  (ECF No. 37 at 9–12.)  Defendants also argue that, because the correctional officers responded appropriately, Plaintiff's Eighth Amendment rights were not violated under Count One.  (*Id.* at 4–9.)  Similarly, Defendants assert that, because the correctional officers responded appropriately, Defendants' conduct was not extreme and outrageous under Count Two.  (*See id.* at 4–10.)  Further, Defendants reason that, because Plaintiff's claims under Counts One and Two fail, summary judgment must be granted for the WVDCR on Plaintiff's claim for vicarious liability under Count Three.  (*Id.* at 10.)

Conversely, Plaintiff argues that Defendant's motion for summary judgment should be denied in its entirety.  Although Plaintiff makes no argument in opposition to Defendants' claim that Blake is entitled to qualified immunity, he claims that Count One must survive summary judgment because the video evidence could support a jury finding that Blake had a duty to protect Plaintiff from injury and failed to do so.  (ECF No. 40 at 3–4.)  As to Count Two, Plaintiff dedicates a singular paragraph to his argument that Defendant acted outrageously by failing to physically intervene during the assault.  (*See id.* at 6–7.)  Finally, Plaintiff claims that his vicarious liability claim against WVDCR survives summary judgement because its employees, Blake and Clere, failed to protect Plaintiff while acting within the scope of their employment duties.  (*Id.* at 6.)  The Court disagrees with Plaintiff as to each Count.

### A. Deliberate Indifference in Violation of 42 U.S.C. § 1983 as to Clere

Count One of the Amended Complaint first asserts a § 1983 claim against Clere for deliberate indifference to a serious risk of injury, in violation of the Eighth Amendment of the United States. (ECF No. 21.) However, Defendants argue that Clere is entitled to summary judgment because "Plaintiff has never served Defendant C.O. Clere" in accordance with the Federal Rules of Civil Procedure, (ECF No. 37 at 4). Plaintiff did not respond to this assertion, (*see generally* ECF No. 40), which is typically treated as an abandonment of the claim, *see Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (authorizing the district court, after allowing plaintiff an opportunity to respond, to "rule on the [defendant's] motion and dismiss [the] suit on the uncontroverted bases asserted therein"); *Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion for summary judgment can indicate that the non-moving party concedes the point or abandons the claim."). Indeed, there is no record of Clere being served. (*See* ECF Nos. 1-1, 1-2.)

Nevertheless, Blake and WVDCR cannot move for summary judgment on behalf of another party. *See* F.R.C.P. 56 ("The court shall grant summary judgment if the movant shows that . . . the *movant* is entitled to judgment as a matter of law." (emphasis added)). Because WVDCR and Blake may only seek summary judgement on their own behalf, the Court **DENIES** the instant motion as it pertains to Defendant Clere.

### B. Deliberate Indifference in Violation of 42 U.S.C. § 1983 as to Blake

Count One of the Amended Complaint also asserts a § 1983 claim against Blake, based on his alleged failure to intervene while Plaintiff was being assaulted by another inmate. (ECF No.

5

21.) However, Defendants argue that (1) Plaintiff has not sufficiently demonstrated an Eighth Amendment violation and (2) Blake is entitled to qualified immunity. (ECF No. 37). Notably, Plaintiff has completely and utterly failed to respond to Defendants' qualified immunity argument. (*See generally* ECF No. 40.) Consequently, even if Plaintiff had sufficiently demonstrated an Eighth Amendment violation, he has conceded that Blake is protected by qualified immunity. *See Blankenship*, 2018 WL 3581092, at *9. Therefore, there is no genuine issue of material fact that Blake is entitled to qualified immunity, and Plaintiff's § 1983 claim against him cannot survive summary judgment.

Accordingly, the instant motion is **GRANTED** insofar as Defendants argue that Blake is entitled to qualified immunity.[1]

### C. *Outrageous Conduct under West Virginia law*

Next, Defendants argue that summary judgment is appropriate on Count Two for outrageous conduct—another name for a claim of intentional infliction of emotional distress ("IIED") under West Virginia law—because Defendants' actions were neither extreme nor outrageous. (ECF No. 37 at 12). As Defendants note, (ECF No. 37 at 12), this Court has recently explained the elements of an IIED claim:

> To prevail on an intentional infliction of emotional distress ("IIED") claim under West Virginia law, a plaintiff must show:
>
> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable

---

[1] Even if the Court reached the Eight Amendment claim, it would find, as a matter of law, that Defendants are entitled to summary judgment for the reasons discussed in subsection III.C. below.

6

person could be expected to endure it.

*Miller v. Rubenstein*, No. 2:16-CV-05637, 2018 WL 736044, at *16–17 (S.D. W. Va. Feb. 6, 2018). Mere negligent conduct does not rise to the level of outrageous. *Courtney v. Courtney*, 413 S.E.2d 418, 23 (W. Va. 1991). Further, the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. *Miller*, 2018 WL 736044, at *16–17.

Under the circumstances presented here, the undisputed facts indicate that Blake and Clere acted reasonably rather than outrageously.[2] As clearly shown by video evidence, Blake and Clere found themselves unarmed in a room with approximately two dozen inmates when the altercation between Plaintiff and Murphy began. (ECF No. 42.) Within seconds of seeing the fight, Blake had radioed for assistance. (*Id.*; ECF No. 36-1 at 2; *Id.* at 5.) When the fight progressed to the officers' workstation, Blake reported that he gave verbal commands to Murphy instructing him to stop. (ECF No. 36-1 at 2.) In such circumstances, no reasonable jury could find that Blake's failure to enter the fray and physically engage Murphy was so outrageous that it exceeds all possible bounds of decency. To the contrary, his response appears to be in accordance with his training, which instructed him to only intervene physically if it is tactically sound to do so, (*see* ECF No. 36-4 at 3), and to wait for backup when time allows, (ECF No. 36-6 at 10). Unarmed and outnumbered by inmates by a ratio of at least 10:1, there is no genuine issue of material fact

---

[2] Without citing to any legal authority, Plaintiff argues that the determination of whether the conduct is outrageous is a jury question. (ECF No. 40 at 6–7; *but see Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 421 (W. Va. 1998) (explaining that the court determines the threshold legal question of whether the conduct "may reasonably be considered outrageous," but the determination of whether the conduct is in fact outrageous is a jury question).) However, the availability of summary judgment turns on whether a *proper* jury question exists in a pending case, *Adickes*, 398 U.S. at 158-59 (emphasis added), and summary judgment is properly granted where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, *Anderson*, 477 U.S. at 248-49.

that Blake did not act outrageously by not physically intervening on behalf of Plaintiff, thereby putting himself in harm's way and leaving himself vulnerable to attacks from other inmates.

Accordingly, the instant motion is **GRANTED** as to Count Two.

### D. *Vicarious Liability as to WVDCR*

Plaintiff's final claim is that WVDCR is vicariously liable for the actions of Blake and Clere under the doctrine of respondeat superior. As Defendants aptly point out, though, this appears to be an attempt to hold WVDCR vicariously liable for § 1983 claims asserted against Blake and Clere. However, Supreme Court precedent has long held that, in the context of § 1983, employers cannot be held liable under the doctrine of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In fact, this Court has consistently reiterated that the WVDCR cannot be held vicariously liable under § 1983. *See, e.g.*, *Bennett v. W. Virginia Div. of Correction & Rehab.*, No. 2:23-CV-00312, 2023 WL 4353708, at *2 (S.D. W. Va. July 5, 2023) (Johnston, C.J.); *Dorsey v. Bolen*, No. 2:21-CV-00222, 2021 WL 4993950, at *3 (S.D. W. Va. Oct. 27, 2021) (Johnston, C.J.).

Further, Plaintiff's vicarious liability claim fails as it relates to the outrageous conduct claim asserted against Blake and Clere. As discussed above, there is no genuine issue of material fact that Blake and Clere did not act outrageously under the circumstances. Therefore, there is no misconduct for WVDCR to be liable for under Count Three.

Accordingly, the instant motion is **GRANTED** as to Count Three.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion for summary judgment as it applies to the nonmovant, Clere. Clere will be addressed by separate order. The

Court **GRANTS** the motion as to all remaining Defendants and claims. Further, the scheduling order, including the pretrial conference tomorrow, is hereby **VACATED**.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    October 25, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE